This action was instituted for the purpose of determining the water rights of the respective *Page 444 
claimants to the waters of Squillchuck creek. The testimony was taken before the assistant state supervisor of hydraulics, as referee, who made a report, to which certain exceptions were filed. The matter came on for hearing before the superior court, and a judgment was entered modifying the referee's report in one material respect, from which the Millerdale Irrigation District and the Millerdale Water Users' Association appealed.
Squillchuck creek is a small nonnavigable stream about eleven miles in length. It arises on the northern slope of the Wenatchee mountains, flows in a northeasterly direction, and, after crossing the Wenatchee valley, discharges into the Columbia river about a mile southeast of the city of Wenatchee in Chelan county. Some time prior to the year 1880, one Philip Miller acquired a tract of land in the Wenatchee valley which was tributary to this stream. For the purpose of irrigating his land, he diverted water from the stream, the intake being about five miles above his land, and conveyed the water for irrigation purposes. The appellants are the owners of a part of the Miller right, which consisted of three hundred and twenty miner inches under six-inch pressure. There is no controversy over the water claimed under the Miller diversion, and that is recognized by all parties as a prior right. Some time subsequent to the Miller diversion, and prior to 1890, other settlers in the Wenatchee valley constructed a headgate and ditch, for the purpose of diverting the waters of Squillchuck creek to irrigate their lands. The intake of the Settlers' ditch was a short distance below that of the Miller intake. After these two diversions, the settlers on land tributary to the stream and above the two intakes mentioned, diverted water for the purpose of irrigating their respective lands. In all, there are about ninety diversions, and approximately *Page 445 
fifteen hundred acres of land is being irrigated, five or six hundred of which is under the Miller right. During the early part of the irrigation season, the water supply of the stream is sufficient to satisfy all claimants, but during the low-water period, which extends over about half of the irrigation season, the supply is inadequate to meet the needs of all the claimants, and disputes arise among the water users on account of such shortage.
In 1903, the Wenatchee Canal Company diverted water from the Wenatchee river, and conveyed it in a southerly direction until the ditch of that company met or crossed the Settlers' ditch. When the Wenatchee Canal Company was being organized, many of the farmers under the Settlers' ditch turned over their stock in the corporation which distributed the water from that ditch to the promoters. The lands under the Settlers' ditch, since the Wenatchee Canal Company's ditch or "highline," as it is called, was constructed, have been irrigated from that source. That ditch furnishes an abundant supply of water. The settlers tributary to Squillchuck creek above the intake of the Miller ditch and the Settlers' ditch have, since 1903, appropriated and used all the waters of the ditch except flood waters and the waters owned under the Miller right.
In 1916, the Wenatchee Canal Company, having failed, transferred all of its assets to the Wenatchee Reclamation District, since which time the "highline" has been operated by this district. In 1921, or about that time, due to a flood or freshet, the Settlers' ditch became closed, and has not been open since that time. Prior to that time, a part of the waters of the stream, especially flood waters, passed through the ditch. In 1923, the Wenatchee Irrigation District conveyed to the appellant, the Millerdale Water Users' Association, *Page 446 
one-half of its right to the waters of Squillchuck creek claimed under the Settlers' ditch. Under this conveyance, the referee's report gave the Wenatchee Irrigation District a prior right to the water rights which existed under the Settlers' ditch, as against the claimed right of the settlers on the stream above. The trial court modified this finding, and gave the prior right to the settlers above, other than in the flood waters of the stream.
[1] The controversy is over the question as to whether the upper settlers or the Wenatchee Irrigation District have a prior right to the waters of the creek which formerly belonged to the owners under the Settler's ditch. There is some controversy over whether the district has ever acquired the rights of the settlers upon the ditch, and also whether, after 1903, the Settlers' ditch rights were abandoned. It will be assumed, without so deciding, that the Wenatchee Irrigation District acquired whatever rights the settlers on the ditch had, and that at no time was there an abandonment. The controlling question is whether the settlers above the intakes of the Miller ditch and the Settlers' ditch have acquired a right to all the waters in the stream, except flood waters and the waters coming under the Miller diversion, by adverse user.
Since the construction of the "highline" canal or ditch, the lands which formerly were under the Settlers' ditch have, as stated, been irrigated from that source. The lands of the settlers up the stream have been irrigated from the stream. There is some evidence, much of which is indefinite as to time and which is not very convincing, to the effect that, from time to time, the owners on the upper part of the stream were interrupted in their use of the water. There is an abundance of evidence that the upper settlers, at *Page 447 
all times since 1903, have used, under adverse claim, all the waters of the stream during the dry season and after the flood waters had subsided, except the portion of the water which was appropriated by Philip Miller. The trial court, while not making any findings of fact, filed a well-considered and comprehensive memorandum decision, in which, with reference to the rival claims of the upper settlers and the Millerdale Water Users' Association, it was said:
"There is no evidence anywhere indicating that any water, other than the early flood water, has been used from the Squillchuck creek under the Old Settlers' Ditch right, for the irrigation of lands by the Wenatchee Canal Company, or its successor in interest, the Wenatchee Reclamation District, since the Settlers' ditch right was acquired in 1903. It is true, there is considerable testimony that water was run from the Squillchuck creek into the Highline canal from time to time during the flood season, and there is some testimony indicating that when there was a shortage, some ditch walker or water master was sent up the creek to secure additional water, but as to any such water being secured, this is purely hearsay. No one testified that he actually went up the creek and secured water, after the flood waters had subsided, on behalf of the Old Settlers' Ditch right, and the settlers up the creek have uniformly testified that their water has never been shut off by anyone except on account of the first right, the Philip Miller right, for 320 inches of water under a six-inch pressure. It must be borne in mind that substantially all of the witnesses, testifying as to the use of the old Settlers' right, are now interested in enlarging the first right, now owned by the Millerdale Irrigation District."
The evidence in the case is voluminous, the abstract of the testimony covering approximately two hundred and ninety pages. It is not possible, without unnecessarily prolonging this opinion, to review it in detail. It may be said that, after an attentive consideration of *Page 448 
all the evidence, we are of the opinion that the trial court correctly summed up the matter in the memorandum decision. If the upper settlers used adversely, continuously and under a claim of right, the waters of the stream, which are now in dispute, for the time stated, and we think that the evidence shows that they did, their rights to the water cannot now be taken away from them and given to another.
The judgment will be affirmed.
FRENCH, MILLARD, and PARKER, JJ., concur.